IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| SCOTT A. SNOECK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>　　　　Defendant. | CV-12-31-GF-SEH-RKS<br><br>**FINDINGS &<br>RECOMMENDATIONS** |

## I. SYNOPSIS

Mr. Scott Snoeck (Mr. Snoeck) seeks judicial review of the decision of the Administrative Law Judge (ALJ), denying his application for disability benefits under the Social Security Act. The ALJ's decision is supported by substantial evidence and not based on legal error. Summary judgment should be granted in favor of the Commissioner.

## II. JURISDICTION

Jurisdiction vests under 42 U.S.C. § 405(g). The case was referred to the undersigned for the submission of proposed findings and recommendations by

United States District Judge Sam E. Haddon on July 30, 2012.  C.D. 9.

### III. STATUS

Mr. Snoeck applied for Disability Insurance Benefits and Supplemental Security Income on September 22, 2009, alleging a disability onset date of September 3, 2009.  Tr. at 61-63.  His claims were denied on January 11, 2010. Tr. 50-52.  His claims were denied again after a request for reconsideration on June 22, 2010.  Tr. 55-56.  Mr. Snoeck timely requested a hearing on July 1, 2010.  Tr. 59-60.  The hearing was held May 19, 2011.  Tr. 478-557.

The Administrative Law Judge ("ALJ") determined that Mr. Snoeck was not disabled in a decision issued July 12, 2011.  Tr. 12-29.  The Appeals Council denied review on March 12, 2012.  Id. at 6-9.  Mr. Snoeck filed a complaint challenging the Commissioner's decision, in accordance with 42 U.S.C. § 405(g), on April 26, 2012.  C.D. 3.

Mr. Snoeck moved for summary judgment of the case in his favor.  C.D. 13.  The Commissioner moved for summary judgment in his favor.  C.D. 19.  Both motions are now pending and ripe for disposition.

### IV. STANDARDS

**Court's standard of review**

The Court has discretion to affirm, modify, or reverse the ALJ's decision

with or without a rehearing.  42 U.S.C. § 405(g).  The ALJ's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error.  Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  It means "more than a mere scintilla" of evidence, but "less than a preponderance."  Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).  The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion.  Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)).  While the Court may not substitute its findings for those of the ALJ, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject findings not supported by the record.

**Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant proves by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the ALJ follows a five-step evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the ALJ finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. At step one, a claimant must show that she is not currently engaged in substantial gainful activity. Id. At step two the claimant must demonstrate that he has a severe impairment. Id. At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the

claimant's age, education, work experience, and residual functional capacity ("RFC").  Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

## V. FACTS

**ALJ's determination**

At step one, the ALJ determined that Mr. Snoeck has not engaged in substantial gainful activity since September 3, 2009, Tr. 17, and was unable to perform any past, relevant work.  Tr.  27.

At step two, the ALJ found that Mr. Snoeck has the following "severe" impairments:  bipolar disorder, depression, generalized anxiety disorder, dependent personality disorder, back disorder with chronic pain and left shoulder rotator cuff strain.

At step three, the ALJ concluded that Mr. Snoeck's impairments do not meet those described in the Listing of Impairments at 20 CFR Part 404, Subpart P, Appendix 1.  Tr.19.  Because Mr. Snoeck did not satisfy those criteria for disability, the ALJ proceeded to step four.  At step four, the ALJ found that Mr. Snoeck is unable to perform past relevant work.  Tr. 27-28.  At step 5, the ALJ found that Mr. Snoeck has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  Tr. 28-29.  The ALJ found that jobs that Mr. Snoeck could perform – including mail clerk, clothing presser, and

office helper – exist in significant numbers. Tr. 21-22. The ALJ found that Mr. Snoeck was therefore not disabled within the meaning of the Social Security Act. Tr. 29.

**Plaintiff's contentions**

Mr. Snoeck contends that the ALJ erred by:

1. Disregarding the objective medical evidence of impairments from Mr. Snoeck's treating physicians;

2. Disregarding the opinions of Mr. Snoeck's mental health care providers;

3. Finding Mr. Snoeck's testimony non-credible.

4. Relying on a hypothetical posed to the vocational consultant that did not consider all of Mr. Snoeck's limitations.

C.D. 14, pp. 18-19.

## VI.  ANALYSIS

**1.   Substantial evidence supports the ALJ's consideration of Mr. Snoeck's treating physician's opinions**.

Mr. Snoeck argues that the ALJ generally ignored the findings and opinions of Mr. Snoeck's treating physician, Dr. Charles Marler. C.D. 14, pp. 15-18. Dr. Marler diagnosed Mr. Snoeck with bipolar disorder. Tr. 469. Dr. Marler opined that Mr. Snoeck must avoid high stress and could perform light work only up to 20 hours per week. Tr. 469.

The agency must consider any medical source's opinion included in the record. 20 C.F.R. § 404.1527(c). Medical sources include treating and non-treating sources. 20 C.F.R. § 404.1527. Treating sources are entitled to greater weight than non-treating sources. Id. A treating source is "an acceptable medical source" who provided the claimant with medical treatment and had an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1502; Putz v. Astrue, 371 Fed. Appx 801 (9th Cir. 2010). An "acceptable medical source" is a physician, licensed or certified psychologist, licensed optometrist, licensed podiatrist, or qualified speech-language pathologist. 20 C.F.R. § 404.1513(a).

If a treating source's medical opinion is uncontradicted, the ALJ may reject the opinion only for clear and convincing reasons. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). If a treating source's opinion is contradicted, the ALJ may reject the opinion for specific and legitimate reasons. Id.

Dr. Marler is a treating source; he is a physician and had an ongoing relationship with Mr. Snoeck as a primary care provider. Tr. 18. The ALJ gave Dr. Marler's opinion "moderate weight," and accepted Dr. Marler's opinion that Mr. Snoeck must avoid high stress. Tr. 26. The ALJ rejected Dr. Marler's opinion that Mr. Snoeck was unable to work more than 20 hours per week. Tr. 26. That opinion does not appear to be specifically contradicted in the record. Therefore the ALJ's

rejection of Dr. Marler's opinion must be supported by clear and convincing reasons.  Carmickle, 533 F. 3d at 1164.

It is.  The ALJ noted that Dr. Marler's 20-hour limit is unexplained and not connected to any medical findings.  Tr. 26.  "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  The ALJ also noted that Mr. Snoeck's bipolar disorder and inability to handle high stress had not prevented him from working as a dishwasher, which he occasionally did more than 20 hours per week.  Tr. 25.  Finally, the ALJ explained that he rejected Dr. Marler's opinion regarding Mr. Snoeck's work capacity because it was inconsistent with Mr. Snoeck's statements to his counselor that he was stable and doing well on medication.  Tr. 26.  The ALJ's reasons are clear and convincing, and are supported by substantial evidence.

**2.      Substantial evidence supports the ALJ's consideration of Ms. Kennedy and Dr. Kuka's opinions.**

Mr. Snoeck argues that the ALJ rejected the opinions of the counselor, Lloyal Kennedy, without "specific, germane reasons." C.D. 14, p. 26.  Ms. Kennedy opined that Mr. Snoeck would miss at least three days of work per month in a routine full-time job because of anxiety, depression, panic attacks, and the desire to

stay home with his wife. Tr. 412-415. She also stated that Mr. Snoeck had little ability to cope with regular work situations. Tr. 412-415.

Ms. Kennedy, a counselor, is not an "acceptable medical source." 20 C.F.R. § 404.1502. Instead she is an "other source." 20 C.F.R. § 404.1513(d)(1). Therefore the ALJ may reject her testimony if he provides specific reasons for doing so. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012)(quoting Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ did not entirely discredit Ms. Kennedy's opinions, but stated that they were "not given great weight." Tr. 26. The ALJ provided germane reasons for giving Ms. Kennedy's opinions little weight. He found that Ms. Kennedy's opinions were not supported by her own treatment notes, which do not describe panic attacks or debilitating anxiety. Tr. 26, 418, 420, 422, 424, 428, 430, 432, 434, 436, 438. The ALJ also noted that Mr. Snoeck testified only that mood symptoms forced him to take 15-minute breaks from work – not miss several days per month. Tr. 26, 504, 505. In addition, the ALJ relied on a medical expert who reviewed Ms. Kennedy's assessments of Mr. Snoeck, and did not believe the assessments supported Ms. Kennedy's opinions. Tr. 26, 540. These are germane reasons to limit the weight accorded to Ms. Kennedy's opinions, and they are supported by substantial evidence in the record.

Mr. Snoeck also argues that the ALJ ignored the findings of Dr. Monty Kuka, an impartial medical expert who reviewed Mr. Snoeck's record. C.D. 14, p. 27. Dr. Kuka testified that Mr. Snoeck should work in a "relatively isolated" environment or have only casual contact with the public. Tr. 542. The ALJ did not ignore or reject that testimony. The ALJ considered Dr. Kuka's testimony, Tr. 24, and the Residual Functioning Capacity is consistent with it. Tr. 22 ("Plaintiff [is capable of] brief superficial contact with the public, and could have contact with the public on a one-on-one basis on an occasional basis").

3. **Substantial evidence supports the ALJ's rejection of aspects of Mr. Snoecks's testimony.**

The ALJ found that Mr. Snoeck's impairments could be expected to cause the symptoms he alleged, but that Mr. Snoeck's testimony as to the extent of his symptoms was not entirely credible. Tr. 24. Mr. Snoeck contends that the ALJ improperly discredited Mr. Snoeck's testimony because Mr. Snoeck's assessment of his limitations was inconsistent with his daily activities. C.D. 14, p. 30.

The ALJ did not discredit Mr. Snoeck's testimony only because it was inconsistent with his daily activities. Rather, the ALJ listed numerous inconsistencies between Mr. Snoeck's testimony and other evidence that led the ALJ to discredit Mr. Snoeck's testimony about the extent of his symptoms. Tr. 24-

25. Facts that the ALJ considered contradictory to Mr. Snoeck's testimony include:

- Mr. Snoeck testified that he is unable to work more than 20 hours per week, but in fact did occasionally work more than 20 hours per week in 2010 and 2011.

- Mr. Snoeck's mental disabilities did not prevent him from working as a dishwasher.

- Mr. Snoeck's symptoms responded well to medication.

- Mr. Snoeck previously engaged in substantial gainful activity while experiencing symptoms similar to those caused by his impairments.

- Mr. Snoeck is able to grocery shop and participate in other daily activities.

- Mr. Snoeck is able to lift up to 20 pounds, and acknowledged that his shoulder pain does not prevent him from most activities.

Tr. 24-25.

Substantial evidence supports the ALJ's finding that Mr. Snoeck's testimony about the extent of his limitations was not entirely credible.

**4. Substantial evidence supports the ALJ's selection of limitations to include in the hypothetical scenario presented to the vocational expert.**

Mr. Snoeck argues the ALJ improperly relied on a hypothetical presented to the vocational expert that did not include all of Mr. Snoeck's impairments. C.D. 14, p. 31-32. Mr. Snoeck argues that the ALJ should have relied on the second hypothetical presented to the vocational expert, which assumed that the hypothetical

worker would need extended breaks and/or would miss at least two days of work per month. C.D. 14, p. 31-32, Tr. 552-553. In that scenario, the vocational expert testified that work would not be available. Tr. 553.

For a hypothetical to have value, it must set forth all of a plaintiff's impairments. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456. The ALJ has discretion to determine what restrictions actually apply to the claimant. <u>Martinez v. Heckler</u>, 807 F.2d 771, 775 (9th Cir. 1980). Hypotheticals posed to a vocational expert need not include those limitations that are not supported by substantial evidence. <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 886 (9th Cir. 2006).

As discussed above, the ALJ reasonably determined that Mr. Snoeck was not limited to a job that allowed him to miss several days each month and/or take extended breaks. The hypothetical on which the ALJ relied includes all of Mr. Snoeck's limitations that are supported by substantial evidence.

## VII. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED:**

1. Plaintiff's Motion for Summary Judgment be DENIED.

2. The Commissioner's Motion for Summary Judgment be GRANTED.

3. This matter be DISMISSED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &**

**RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 29th day of January, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge